Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000169
31-JAN-2018
09:03 AM

NO. CAAP-15-0000169

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
OZZIE J. CLARKE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(CASE NO. 2DCW-13-0002383)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Reifurth and Chan, JJ.)

The State of Hawai'i (State) charged Defendant-Appellant Ozzie Jack Clarke (Clarke) with operating a vehicle under the influence of an intoxicant (OVUII) (Count 1); refusal to submit to breath, blood, or urine test (Refusal to Submit to Testing) (Count 2); and promoting a detrimental drug in the third degree for possessing marijuana (Count 3). After a bench trial, the District Court of the Second Circuit (District Court)[1] found Clarke guilty as charged on all counts.

---

[1] The Honorable Douglas J. Sameshima presided.

Clarke appeals from the District Court's Judgment entered on February 20, 2015. On appeal, Clarke contends that: (1) there was insufficient evidence to support his OVUII conviction; (2) the District Court erred in convicting him of Refusal to Submit to Testing; (3) there was insufficient evidence to support his conviction for promoting a detrimental drug in the third degree; and (4) his trial counsel failed to provide effective assistance. As explained below, we reverse Clarke's conviction for Refusal to Submit to Testing, and we affirm his remaining convictions.

I.

We resolve Clarke's arguments on appeal as follows.

A.

The District Court found Clarke guilty of OVUII, in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (2007).[2] Clarke contends that there was insufficient evidence to show that he was under the influence of alcohol in an amount sufficient to impair his driving. We disagree.

When viewed in the light most favorable to the State, see State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1988), the evidence showed, among other things, that: Clarke was stopped for speeding; Clarke's eyes were red and watery and there was an odor of liquor on his breath; he admitted that he had drunk "three . . . beers"; on the walk-and-turn test, he started too soon, missed heel to toe, stepped off the line, raised his arms, took too many steps in one direction, and turned improperly; and on the one-leg stand test, he did not perform the

---

[2] HRS § 291E-61(a)(1) provides:

    (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

        (1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

2

test as instructed and swayed. We conclude that there was sufficient evidence to support Clarke's OVUII conviction.

B.

Clarke contends that the District Court erred in convicting him of Refusal to Submit to Testing. The State concedes error on this point based on State v. Won, 137 Hawai'i 330, 372 P.3d 1065 (2015). We agree with this concession of error, and we reverse Clarke's conviction for Refusal to Submit to Testing. State v. Wilson, No. CAAP-15-0000682, 2018 WL 564771, at *1-8 (Hawai'i App. Jan. 26, 2018).

C.

Clarke challenges his conviction for promoting a detrimental drug in the third degree on the ground that there was insufficient evidence to show that he knowingly possessed the marijuana found in the car he was driving. Clarke was the only person in the car when it was stopped; Clarke admitted that he knew there was marijuana in the car; and the stopping officer, who was a certified drug recognition expert, testified that Clarke exhibited characteristics that were indicative of possible marijuana use. We conclude that there was sufficient evidence to show that Clarke knowingly possessed the marijuana found in the car.

D.

Clarke contends that his trial counsel provided ineffective assistance for failing (1) to introduce the video of his field sobriety tests that were recorded through the patrol car's dash camera and (2) to seek a continuance so that the video could be introduced. Clarke has the burden of establishing ineffective assistance of counsel and must show: "1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." Richie, 88 Hawai'i at 39, 960 P.2d at 1247. Because the video recording is not part of the record on appeal, we cannot evaluate Clarke's

3

claim that his counsel provided ineffective assistance in failing to introduce the video, and Clarke has not met his burden of establishing ineffective assistance on this ground.[3]

Clarke also claims that his counsel provided ineffective assistance in failing to move to suppress the marijuana found in the car. However, the record is not sufficiently developed to determine whether the failure to make such a motion constitutes ineffective assistance.

Accordingly, we reject Clarke's claims of ineffective assistance without prejudice to his raising these claims in a petition pursuant to Hawai'i Rules of Penal Procedure Rule 40.

II.

Based on foregoing, we reverse the District Court's Judgment with respect to Count 2. We affirm the District Court's Judgment with respect to Counts 1 and 3.

DATED: Honolulu, Hawai'i, January 31, 2018.

On the briefs:

Michael J. Collins
(Cain & Herren, ALC)
for Defendant-Appellant

Richard K. Minatoya
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

*Craig H. Nakamura*

Chief Judge

*Lawrence M. Reifurth*

Associate Judge

*Derrick H. M. Chan*

Associate Judge

---

[3] Clarke's suggestion that counsel was ineffective for failing to raise a relevancy objection to the officer's testimony about observing indicia of Clarke' marijuana use is without merit. The indicia of Clarke's marijuana use was relevant to whether Clarke knowingly possessed the marijuana found in the car.